IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD HOOVER                                              PLAINTIFF

V.                              NO. 13-5112

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Donald Hoover, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on October 4, 2011, alleging an inability to work since April 13, 2011, due to two herniated discs, a pinched nerve, and left knee problems. (Tr. 124-131, 158, 162). An administrative hearing was held on July 27, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 29-56).

By written decision dated August 22, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - discogenic back; mild diffuse annular bulge of L5-S1 and L2-3 discs; obesity; and status post left knee arthroscopy with

-1-

debridement due to meniscus tear. (Tr. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can perform occasional balancing, crouching, stooping, kneeling, crawling, and climbing.

(Tr. 21).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform his past relevant work as a construction rental and sales clerk. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 5, 2012. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

-2-

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred when he made medical

opinions that served as a basis to discredit Plaintiff; 2)The ALJ erred in his credibility findings;

3) The ALJ erred when he failed to consider Plaintiff's obesity; and 4) The ALJ erred when he

returned Plaintiff to his past relevant work. (Doc. 10).  As issues one and two deal with the ALJ's

credibility findings, the Court will address them together.

### A.   Credibility Findings:

Plaintiff argues that the ALJ made statements only a medical professional could make

regarding medical treatment or symptomatology; that the ALJ found Plaintiff only received

routine and conservative medical care despite a surgery and physical therapy; that the ALJ found

Plaintiff did not have to make frequent emergency room visits; and the ALJ did not think

Plaintiff exhibited the stigmata frequently observed in patients who suffer constant unremitting

pain. Plaintiff also argues that he has objective medical findings that he has medical impairments

that limit his return to his past relevant work on a full time basis on a sustained basis, and that

there are no inconsistencies in the medical evidence and Plaintiff's testimony.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective

complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating

-4-

factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ noted that he considered Plaintiff's subjective allegations, giving careful consideration to all of the factors required under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 19). The ALJ also found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 21). The ALJ discussed the relevant medical records, including Plaintiff's treatment subsequent to his automobile accident of April 13, 2011. (Tr. 22). He also discussed the fact that subsequent to Plaintiff's knee surgery by Dr. Matthew Coker, on October 24, 2011, Plaintiff reported his knee was doing relatively well, but he still had some numbness laterally. (Tr. 247). At that time, Plaintiff had continued with exercises, and was progressing in his activities. (Tr. 247). Dr. Coker reported that he wanted Plaintiff to continue the exercises and progress activities as tolerated. (Tr. 247). Plaintiff again saw Dr. Coker on December 5, 2011, and Dr. Coker reported that he had 10 degrees full flexion compared to the other side, but had good extension and was getting his strength back. (Tr. 285). "As far as the knee is concerned he is doing quite well." (Tr. 285).

-5-

As Plaintiff still had some numbness in the lateral aspect of the thigh, an MRI was performed, which showed a musculoligamentous sprain or spasm. Dr. Coker thought it would be best for Plaintiff to see a back specialist. (Tr. 285).

On February 14, 2012, Plaintiff was seen by Dr. Gannon B. Randolph for evaluation of his back. Dr. Randolph noted that Plaintiff did not take any medication for the pain in his back, and had not done true physical therapy for his back or his leg, and had not done anything for weight control. (Tr. 284). Plaintiff was reported as having 5/5 motor strength bilateral lower extremities, and his lumbar spine motion was very poor. (Tr. 284). Dr. Randolph diagnosed Plaintiff with morbid obesity; discogenic back pain probably secondary to the motor vehicle accident and obesity; and believed Plaintiff had a stretch injury to one of the nerves in his left leg. (Tr. 284). He found no evidence of significant motor injury on the EMG, and did not find a compressive type injury in his lumbar spine. (Tr. 284).

The ALJ discussed all of the above medical records, and gave the opinion dated October 10, 2011, from Dr. Valeria Malak, a non-examining consultant, significant weight, finding it was consistent with the record as a whole and consistent with the records from Ozark Orthopaedic Center. (Tr. 22). Dr. Malak opined that Plaintiff could perform light work, with the exception that he could occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 273). The ALJ also noted that with respect to Plaintiff's back impairment, there was no evidence that surgery was required or frequent emergency room visits were made regarding his back. He further observed that there was no substantial evidence that Plaintiff required increasingly large doses of narcotic medication to control pain associated with his back impairments or that Plaintiff had a nerve root compression or neurological deficits that were reflected by motor loss, reflex loss

-6-

or sensory loss. (Tr. 23).

The Court finds, based upon the foregoing, that there is substantial evidence to support the ALJ's credibility findings.

## B.   Plaintiff's Obesity:

Plaintiff argues that there is no evaluation by the ALJ regarding Plaintiff's obesity. In his decision, the ALJ noted very early in his decision that he "carefully considered the claimant's obesity under **Social Security Ruling 02-1p**, which provides that obesity is a complex, chronic disease characterized by excessive accumulation of body fat." (Tr. 20). He stated that he further considered that obesity could cause limitation of function in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling, and that it may also affect the ability to do postural functions, such as climbing, balancing, stooping, and crouching. (Tr. 20). The ALJ continued:

> The ability to manipulate may be affected by the presence of adipose tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a severe impairment (or a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process including when assessing an individual's residual functional capacity) adjudicators must consider any additional and cumulative effects of obesity.

(Tr. 20). It is clear that the ALJ considered Plaintiff's obesity in determining his ability to function in the workplace. In fact, his RFC limits Plaintiff to occasional balancing, crouching, stooping, kneeling, crawling, and climbing.

Accordingly, the Court finds there is substantial evidence to support the conclusion that

-7-

the ALJ considered Plaintiff's obesity.

    **C.**    **Plaintiff's Ability to Return to Past Relevant Work:**

At the hearing held before the ALJ, Plaintiff testified that one of his jobs was working for a company where he had an office job where he made contracts on the computer, talked to clients on the telephone, generated contracts, and did in-home auditing of the construction equipment. (Tr. 37). The second part of his job was actually bringing in and taking out the equipment, taking pictures of it, power washing the equipment, doing various maintenance on the equipment, greasing the equipment and making sure it was full of fuel and oil, and sometimes even delivering small pieces of equipment like a skid skier. (Tr. 37). Upon inquiry of the VE by the ALJ, the VE indicated that the rental sales clerk position was classified as light. (Tr. 39-40). The following dialogue took place between the ALJ and VE:

> Q: In relation to the work that he had with the equipment rentals and that, let me ask you whether any of these postural activities, in your opinion, would be ordinarily required of someone who performed that type of job, whether it would require more than occasional climbing to include ramps, stairs, ladders, ropes, scaffolds; whether it would require more than occasional balancing, and by balancing I mean balancing [INAUDIBLE] would working at heights –
> A: Yes, sir.
> Q. – or something of that nature, sitting and walking across a room –
> A: Yes, Your Honor.
> Q: – or whether it would require more than occasional stooping, kneeling, crouching or crawling? Would those, in your observation and opinion, would the task that you had described as a construction rental sales clerk, would that require greater than occasional postural activities in those matters?
> A: No, Your Honor, the climbing was considered less than occasional; balancing less than occasional; stooping, standing with stooping to be occasional; kneeling occasional; crouching occasional; and crawling never.

(Tr. 53).

The ALJ found that in comparing Plaintiff's RFC with the physical and mental demands of the work, Plaintiff was able to perform his past work as a construction rental and sales clerk as actually and generally performed. (Tr. 23). The Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly,  the Court finds that the VE's responses to the hypothetical questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work as a construction rental and sales clerk.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 22nd day of July, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)